Nash, C. J.
 

 The question in this case arises under the garnishment of the defendant. The defendant was indebted to one Adcock, who lived in the State of Mississippi, and Adcock was indebted to the plaintiff, who sued out an attachment against him, and tire defendant was summoned as garnishee. In his answer, the defendant admitted his indebtedness to Adcock, but stated that before the attachment-issued, he had directed his brother who was indebted to him and lived in Mississippi, to pay Adcock his debt; and that he was informed by his brother that ho had paid it over to Adcock on the 2nd Monday of March, 1850. Upon the trial of die garnishment, several issues were submitted to the jury, to all of which they responded in their verdict; and fipd that Edwin Wall, the agent of defendant, paid the money to Adcock on the loth of March, 1850, at which time lie had no notice from the defendant of his being summoned as a garnishee in the case, and that the defendant had sufficient time, after his being summoned as such garnishee, to have countermanded his authority given to his agent to make such payment. They further find, that before the payment was made by die agent of the defendant, he, the agent, had been informed by a third person, that the plaintiff Tindell threatened to take out an attachment against the property of the said Adcock, in Anson county. Upon this finding, the Court gave judgment for the plaintiff. In this judgment we perceive no error. At the time the defendant was summoned as a garnishee, he was indebted to Adcock in a sum sufficient to discharge his claim against the latter. The attachment issued on the 24th December, 1849, and he was summoned the same day. The attachment created a lien upon the debt or money due from the defendant to Adcock, so that the defendant could not, by any payment to Adcock subsequent thereto, discharge himself from
 
 *6
 
 liis liability to the plaintiff in the attachment. It was his duty to have immediately countermanded the authority given to his agent. He failed to do so, although he had sufficient time to have done it. If he has to pay the money a second time, it is tire result of his own negligence. The information which the jury find was given to the agent, that the plaintiff threatened to take out an attachment, was no countermand of the authority given to him to make the payment, and cannot interfere with the plaintiff’s right to a judgment condemning the debt for the payment of his judgment.
 

 Pee, Cukiam. Judgment affirmed.